IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUIS MILLER,<br><br>            Plaintiff,<br><br>    VS.<br>SUZANNE MITCHELL,<br>Magistrate Judge, in her individual<br>Capacity,<br><br>            Defendant, | Case No. 25-CV-535-SWS |

ORDER ON PENDING MOTIONS AND
GRANTING DEFENDANT'S MOTION TO DISMISS

In his latest lawsuit[1] Plaintiff Marquise Miller, *pro se* brings this civil action against Western District of Oklahoma Federal Magistrate Judge Suzanne Mitchell (hereinafter "Judge Mitchell"), alleging various claims arising out of Judge Mitchell's handling, at the direction of Chief District Judge DeGiusti, various discovery matters during the pendency of Mr. Miller's civil action against Legacy Bank. (ECF No. 1.)

Judge Mitchell has moved to dismiss based on absolute judicial immunity. (ECF No. 8). Plaintiff[2] has filed a response in opposition to the motion (ECF No. 14) as well as

---

[1] Mr. Miller also sued Chief Judge Timothy DeGiusti (Case No. CIV-25-0301), which this Court dismissed by Order dated June 13, 2025 (ECF No. 23) and is hereby incorporated. As detailed below, the claims and issues raised in this and the lawsuit against Chief Judge DeGiusti all arise out of the same underlying civil action *Miller v. Legacy Bank*, Case No. CIV-20-946-D (W.D. Okla.) and affirmed by the Tenth Circuit on appeal at 2024 WL 5154002 (December 18, 2024) (hereinafter "*Legacy Bank* litigation").

[2] This Court will liberally construe Mr. Miller's pro se filings but does not act as his advocate and his pro se status does not relieve him from complying with the Local Rules and Federal Rules of Civil Procedure. *See Luo v. Wang*, 71 F.4th 1289, 1291 n. 1 (10th Cir. 2023).

a barrage of other motions. (ECF No. 4, 10, 13, 15 and 19.) Defendant has filed a reply (ECF No. 16) to Plaintiff's response as well as responding to Plaintiff's other motions. Having reviewed the extensive filings and motions the Court finds oral argument would not materially assist this court in resolving the pending matters and they can be resolved on the briefs.

## STANDARD OF REVIEW

Absolute judicial immunity is a defense raised and analyzed under Federal Rule of Civil Procedure 12(b)(6). *See Guiden v. Morrow*, 92 F. App'x 663, 666 n.10 (10th Cir. 2004) (citing *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (establishing principle that an "absolute immunity defense may be raised in [a] Rule 12(b)(6) motion if the allegations of the complaint disclose activities protected by absolute immunity").

Federal Rule of Civil Procedure 12(b)(6) allows the court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). While a complaint "does not need detailed factual allegations,"

pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

In determining the sufficiently of a complaint, the court is typically confined to the facts alleged therein. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). However, there are three exceptions to this limitation:

> (i) documents the complaint incorporates by reference, *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); (ii) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity" *Jacobsen v. Deseret Book Co.,* 287 F.3d at 941; and (iii) "matters of which a court may take judicial notice," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. at 322. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

*Ormrod v. Hubbard Broadcasting, Inc.*, 2018 WL 1444857, at *5 (D.N.M. March 22, 2018); *see also Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (court may take judicial notice of documents previously filed in the federal clerk of court's electronic database whether requested by the parties or not).

Typically, the Court must accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Burnett v. Mortg. Elec. Registration Syts, Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). However, a court need not accept as true factual allegations that are plainly contrary to facts established by records of which this Court may take judicial notice. *See A Just Cause v. United States*, 45 F.Supp.3d 1258, 1261 (D. Colo. 2014); *see also Hampton v. root9B Technologies, Inc.*, 897 F.3d 1291, 1302 (10th Cir. 2018) (district court did not err in failing to treat plaintiff's factual allegations as true where article relied upon did not support fact alleged). It is with these standards in mind that this Court views Plaintiff's Complaint and analyzes the claims alleged and Defendant's Motion to Dismiss.

## FACTUAL BACKGROUND

The factual background is taken from the factual allegations in Plaintiff's Complaint as well as this Court's records. At the direction of Chief Judge DeGiusti, Judge Mitchell was ordered to handle limited discovery issues during the Legacy Bank litigation about which Plaintiff now complains. Those issues all involved non-dispositive discovery matters in the underlying Legacy Bank litigation (See 20-CV-0946; ECF No. 226 and 309.)

Judge Mitchell's involvement consisted of being tasked, by Chief Judge DeGiusti, with supervising the parties in-person discovery conference at the William J. Holloway courthouse. (See 20-CV-0946; ECF No. 226.)  To avoid the sanction of dismissing Mr. Miller's (Plaintiff's) Legacy Bank claims as a result of Mr. Miller's abusive, vexatious litigation tactics (filing over thirty discovery related motions and objections) Judge DeGiusti ordered on August 4, 2023, that "[p]rior to filing any discovery related motion, the parties are required to meet in person and confer, in good faith, at the William J. Holloway United States Courthouse . . . .. *Id*. at 7 (underlining in original). Chief Judge DeGiusti further ordered that the in-person conference "shall occur under the supervision of the United States Magistrate Judge Suzanne Mitchell." *Id*. In event an in-person conference was necessary the parties were directed to send an email to Judge Mitchell's chambers "to arrange a mutually acceptable date and time for the conferral." *Id*. at fn. 4.

On September 21, 2023, counsel for the Defendant in the Legacy Bank litigation requested Judge Mitchell to set an in-person discovery conference. (See 20-CV-0946; ECF No. 257.) After Plaintiff failed to respond to Judge Mitchell's Chambers email, seeking to schedule a mutually acceptable date and time, Judge Mitchell set a discovery conference

for October 2, 2023, at the Courthouse and advised the parties that a failure to appear or engaging in disruptive conduct may be treated as contempt of Court. *Id*. Ultimately that conference before Judge Mitchell was rescheduled for October 18, 2023. (See 20-CV-0946; ECF No. 309 at 2). The last involvement Judge Mitchel had in the underlying matter was, based upon Chief Judge DeGiusti's order, she was available to address any issues that arose during the depositions of Plaintiff and Defendant's corporate representative, that were to occur in Judge Mitchell's courtroom, chambers, or designated conference room. *Id*. at 12.

In addition to repeating his claims that Judge DeGiusti acted without jurisdiction, which this Court has previously rejected (See 25-CV-301; ECF No. 23) and hereby incorporates by reference, Plaintiff contends Chief Judge DeGiusti's requirement that the parties meet and confer prior to the filing of any discovery-related motion was an improper filing restriction. (See 25-CV-535; ECF No. 3-4). Plaintiff also claims Chief Judge DeGiusti did not have the authority to require Judge Mitchell to supervise depositions and Judge Mitchell acted in the complete absence of jurisdiction when she did so. *Id*. at 4-5. Finally, Plaintiff asserts Judge Mitchell lacked the authority to carry out Chief Judge DeGiusti's Orders and even if she did, she "exceeded the bounds of Judge DeGiusti's order and acted in complete absence of jurisdiction by doing so." *Id*. at 5. Plaintiff contends that he never consented to Judge Mitchell's involvement and prior to setting any in-person conference she was required to get a "mutually acceptable date and time" but failed to do so. *Id*. at 6.

Extrapolating from these alleged transgressions Plaintiff's Complaint asserts eight "counts" or causes of action against Judge Mitchell summarized as follows: (1) Chief Judge DeGiusti acted in complete absence of jurisdiction in directing Judge Mitchell to require and supervise the parties' meet and confer and Judge Mitchell lacked jurisdiction to rule on any discovery motion absent consent of the parties. (ECF No. 1 at ¶¶s 187-198); (2) Chief Judge DeGiusti's order directing Judge Mitchell to supervise any in-person conference between the parties was invalid because Judge Mitchell could only hear pending matters and thus she lacked jurisdiction because nothing was pending. *Id*. at ¶¶s 199-216; (3) Judge Mitchell acted in complete absence of jurisdiction when she supervised discovery conferences and depositions. *Id*. at ¶¶s 217-230; (4) Judge Mitchell acted in complete absence of jurisdiction when she exceeded Chief Judge DeGiusti's order by requiring Mr. Miller to appear on a date and time that was not mutually acceptable. *Id*. at ¶¶s 231-253; (5) Judge Mitchell violated Miller's Constitutional right of equal treatment under the law and to have a disinterested tribunal. *Id*. at ¶¶s 254-265; (6) By having to meet with Judge Mitchell before filing any discovery related motions Mr. Miller was denied his right to the speedy administration of justice and Judge Mitchell had no jurisdiction to conduct these proceedings without the parties' consent. *Id*. at ¶¶s 266-273; (7) Judge Mitchell violated Miller's Constitutional Right of Due Process by enforcing filing restriction sanctions and acting in complete absence of jurisdictional authority. *Id*. at 274-277; and (8) Estoppel by silence—Judge Mitchell failed to speak up and as a result Mr. Miller's constitutional right to be treated just like other litigants was violated. *Id*. at ¶¶s 278-288.

Defendant filed her Motion to Dismiss (ECF No. 8) asserting that she is entitled to absolute judicial immunity and that Plaintiff's Complaint fails to state any plausible claim. Defendant further asserts Plaintiff's Complaint should be dismissed with prejudice as it is frivolous. *Id*. at 8. For those reasons set forth below, the Court agrees. The allegations set forth in Plaintiff's Complaint against Judge Mitchell arose out of acts taken by her while acting in her judicial capacity. There are no factual allegations to support any claim that Judge Mitchell acted in the complete absence of jurisdiction or other than in a judicial capacity. Thus, Plaintiff's claims are barred by absolute judicial immunity and Judge Miller's Motion to Dismiss must be granted. Moreover, the Court agrees that Plaintiff's claims and the facts giving rise to them lack any viable legal theory of relief and are frivolous. As such dismissal will be with prejudice.

## ANALYSIS AND BACKGROUND

I.   **Procedural Issues and Pending Motions**

As he did in his suit against Chief Judge DeGiusti, Plaintiff has filed several miscellaneous Motions and notices. Along with his Complaint in this matter Plaintiff also filed a "Motion to Take Judicial Notice of Adjudicative Facts and Brief in Support." (ECF No. 4). After Defendant's filing of the Motion to Dismiss (ECF 8) Plaintiff also filed a Motion for Summary Judgment (ECF 10). Defendant filed a motion for an order to stay proceedings pending decisions on Defendant's Motion to Dismiss (ECF No. 11). This Court granted the motion to stay, given the potentially dispositive nature of Defendant's Motion to Dismiss and in the interest of conserving the parties' and judicial resources. In the process of doing so this Court contacted the Clerk of Court for the Western District of Oklahoma because a proposed order on Defendant's Motion to Stay (ECF No.

11) had not been provided. This Court had not received the proposed order because as a visiting judge this Court doesn't have an email address for submitting one. Thus, this Court contacted the Clerk of Court to request defense counsel submit a proposed order. The Court then signed the order staying these proceedings pending a decision on the Motion to Dismiss. (ECF No. 12.) That action gave rise to three more motions being filed by Plaintiff: (1) a Motion for Reconsideration and Motion to Vacate Order Granting Defendant's Motion to Stay (ECF No. 13); (2) Motion to Lodge Objection to Ex Parte Communication (ECF No. 15); and Plaintiff's Motion to Record Clerk's Unauthorized Alteration of Filings and Refusal to Follow Prior Court Orders (ECF No. 19). None of Plaintiff's Motions have merit.

First with respect to the stay. (ECF No. 11.) Plaintiff takes exception to this Court's granting of Defendant's Motion to Stay without soliciting his input and only one day after it was filed. (ECF No. 13 at 3.) Plaintiff contends that such conduct "presents a disturbing and unprecedented act by the presiding judge." *Id*. at 1. Plaintiff's arguments are without merit. First, a court has the discretionary authority to stay proceedings on its own motion. *See Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself . . .."); *see also In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2001)(recognizing a court's inherent power to grant stay despite statutory directive that court proceed to the merits "as soon as practicable"). Given this inherent power, which would allow this Court to stay a matter without notice or input by either party, this Court's granting of the stay upon motion of a party without further briefing is neither a violation of Plaintiff's constitutional rights nor without authority.

The absolute judicial immunity defense raised and presented in the motion to dismiss is purely legal and may be dispositive, which would make any discovery or further briefing on other matters (such as Plaintiff's Motion for Summary Judgment) superfluous. This case is inextricably intertwined with the case Plaintiff brought against Chief Judge DeGiusti and given the similarity of issues as well as the barrage of Plaintiff's filings in his previous matters the Court believed that resolution of the absolute immunity issue, before any further resources are expended by the parties or counsel is the most efficient way to utilize resources. The fact this Court did not await input by Plaintiff before granting the motion to stay is related to the fact that the Court did not want to have the parties waste resources on an issue this Court believed was straight forward and prejudiced no one. If Plaintiff had good cause for lifting the stay he could certainly bring those reasons forward and be heard. While Plaintiff has sought reconsideration and requested the Court to vacate the stay his basis for doing so is simply because the order was entered before he could respond. He has not identified any legal prejudice or injury from the stay being imposed. And, despite the stay Plaintiff has filed three motions castigating, without factual or legal merit this Court and the Clerk of Court. (See ECF No. 13; 15 and 19). Plaintiff has identified nothing to suggest this Court's stay has harmed him or prevented him from responding or presenting his substantive position on Defendant's Motion to Dismiss.

In issuing a stay this court is required to consider the nature and urgency of the issues raised, the efficiency or inefficiency of staying a proceeding and the potential harm that may arise from granting or not granting a stay. This Court does not believe it abused its discretion in granting the stay to maximize the efficient use of the parties' and court's resources and minimize unnecessary briefing and discovery pending resolution of the legal issue of absolute judicial

immunity raised in the Motion to Dismiss. Plaintiff's Motion for Reconsideration and Motion to Vacate Order Granting Defendant's Motion to Stay (ECF No. 13) will be denied.

Turning to Plaintiff's Motion to Lodge Objection to Ex Parte Communication (ECF No. 15). So noted. The Clerk of Court did nothing wrong or improper. To avoid any ex parte communication (with the Court) this Court directed the Clerk of Court to contact counsel for the Defendant to obtain a Word ™ formatted proposed order. Due to this Judge being a visiting Judge an email address through which proposed orders are typically submitted does not exist. No one from this Court or chambers contacted Defense counsel. The Clerk of Court did so at the direction of this Court. In doing so the Clerk of Court performed no "judicial" function and violated no legal or ethical rules. Plaintiff's suggestion to the contrary is sadly a continuing unfortunate paranoid refrain. To the extent necessary, this Court denies Plaintiff's Motion and overrules his Objection. (ECF No. 15.)

Plaintiff has also filed a "Motion to Record Clerk's Unauthorized Alteration of Filings and Refusal to Follow Prior Court Orders" (ECF No. 19). Plaintiff alleges the Clerk of Court has "failed to comply with prior court orders directing correction of the record, and refused to issue summons in accordance with Federal Rule of Civil Procedure 4(b)." *Id*. at 1. The Clerk of this Court and her staff have done nothing improper or contrary to rule or Court order. Plaintiff's demand that his extraneous or superfluous allegations be part of the filing "label" is neither supported by rule nor court order. In the end nothing is or has been obscured or concealed from this Court—the original filings are as filed of record and preserved. Plaintiff's assertions to the contrary lack any merit and his motion (ECF No 19) will be denied.

Turning to Plaintiff's Motion to Take Judicial Notice of Adjudicative Facts, other than the filings and court records not subject to reasonable dispute the Court declines to take judicial notice

and denies Plaintiff's Motion. (ECF No. 4.) Certainly, this Court can and does take judicial notice of filings in this case as well as those in the *Legacy Bank* litigation (Case No. CIV-20-946-D) and Plaintiff's lawsuit against Chief Judge DeGiusti Case No. CIV-25-0301). However, Plaintiff's recitation of legal principles, arguments and factual allegations that can't be found "not subject to reasonable dispute" as required under Federal Rule of Evidence 201(b) are not subject to judicial notice. *See U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (in order for fact to be judicially noticed under Rule 201(b) it must be indisputable) *see also Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831-32 (5th Cir. 1998). Many of Plaintiff's "facts" are arguments or legal conclusions, based upon Plaintiff disputed perception of the law, which are not "facts" and certainly not without reasonable dispute. As in other his other cases Plaintiff makes factual assertions based upon the absence of the opposing party's response. The problem is the other party's response is not required and thus silence does not equal agreement or admission. The Court will deny Plaintiff's Motion to take judicial notice (ECF No. 4), beyond the filings and indisputable items noted in this Court's records.

## II.     Absolute Judicial Immunity

As this Court previously noted in analyzing Plaintiff's claims against Chief Judge DeGiusti, the Supreme Court has been unwavering in its enforcement of the principle that federal judges are absolutely immune from lawsuits grounded in performance of official acts, meaning immunity cannot be "overcome by allegations of bad faith or malice." *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Cleavinger v. Saxner*, 474 U.S. 193, 199, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); *see also Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). Absolute judicial "immunity is overcome only in two sets of circumstances." *Mireles v.*

*Waco*, 502 U.S. at 11 (1991). First, a judge is not entitled to immunity when he acts in clear absence of **all** jurisdiction. *Id.* at 12 (emphasis added). Second, a judge is not shielded with immunity for non-judicial acts. *Id.* at 11. A determination of whether an act is a "judicial one" requires an inquiry into the nature of the act itself. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Court must evaluate whether the act is "normally performed by a judge," and whether the parties "dealt with the judge in his judicial capacity." *Id.* See *Fletcher v. Tymkovich*, 786 Fed. App'x 826, 827 (10th Cir. 2019). Neither circumstance exists in this case.

Absolute judicial immunity is a bedrock principle of our judicial system. The reality is that judges decide disputes between parties. In order to do so impartially they need to be able to act without fear of reprisal or attack. The fact that a party vehemently disagrees with a judicial officer's decision only serves to reinforce why absolute judicial immunity exists:

> Disagreement with the action taken by the judge, however, does not justify depriving that judge of his immunity. Despite the unfairness to litigants that sometimes results, the doctrine of judicial immunity is thought to be in the best interests of "the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself." **\*364** *Bradley v. Fisher*, 13 Wall., at 347.

*Stump v. Sparkman*, 435 U.S. 349, 363–64 (1978). The Court in *Stump* sent on to hold:

> The Court of Appeals correctly recognized that the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. Because "some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction . . . ," *Bradley, supra*, at 352, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. **A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only \*357 when he has acted in the "clear absence of all jurisdiction."** 13 Wall., at 351.

Page **12** of **18**

*Id*. at 357 (footnotes 6, 7 and 8 omitted; emphasis added); *see also McCullough v. Finley*, 907 F.3d 1324, 1330–31 (11th Cir. 2018).

### a. Magistrate Judge Jurisdiction

With respect to the jurisdiction of a Federal Magistrate Judge, because "federal magistrate [judges] are creatures of statute, [] so is their jurisdiction." *NLRB v. A–Plus Roofing, Inc.,* 39 F.3d 1410, 1415 (9th Cir.1994). That jurisdiction is set forth under 28 U.S.C. § 636 and, in the meaningful parts, provides:

> **(a)** Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law--
> **(1)** all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;
>
> **(b)(1)** Notwithstanding any provision of law to the contrary--
> **(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court,** except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. . ..
> **(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings**, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
> \* \* \*
> **(2) A judge may designate a magistrate judge to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts.** A judge may designate a magistrate judge to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions

of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

**(3) A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.**
**(4)** Each district court shall establish rules pursuant to which the magistrate judges shall discharge their duties.

See also *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1461 (10th Cir.1988).

These matters are generally categorized as "dispositive" or "non-dispositive," *cf. United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); Fed.R.Civ.P. 72. No consent of the parties is required for a Magistrate Judge to decide non-dispositive matters. *See Hutchinson v. Pfeil*, 105 F.3d 562, 565-66 (10th Cir. 1997) (discovery matters and sanctions related thereto are non-dispositive matters within the jurisdiction of magistrate judge). And, the statute cannot be clearer, "a judge [Chief Judge DeGiusti] may designate a magistrate judge [Judge Mitchell] to hear and determine *any* pretrial matter pending before the court . . .." Magistrate Judge Mitchell was so designated.

### b. None of Judge Mitchell's Actions were taken in Complete Absence of Jurisdiction

Turning to Plaintiff's allegations, he first contends that Chief Judge DeGiusti acted in complete absence of jurisdiction in directing Judge Mitchell to require and supervise the parties' meet and confer and Judge Mitchell lacked jurisdiction to rule on any discovery motion absent consent of the parties. (ECF No. 1 at ¶¶s 187-198). The statute and law clearly allowed Chief Judge DeGiusti to do so and Judge Mitchell did not act in complete absence of jurisdiction. Similarly, Chief Judge DeGiusti's order directing Judge Mitchell to supervise any in-person conference between the parties over their pending lawsuit and pending discovery disputes was not invalid. Plaintiff's focus on "pending"

ignores reality. The fact is that Plaintiff's lawsuit was "pending" as were issues concerning discovery. Nonetheless, Plaintiff's assertions to the contrary, even if accepted, don't remove Judge Mitchell's jurisdiction to hear and decide other non-dispositive matters, including the implicit authority to take actions (such as setting discovery conferences) necessary to carry out her functions and manage her docket. *See Bergeson v. Dilworth*, 749 F.Supp. 1555, 1561 (D. Kan. 1990) (rejecting argument that magistrate judge's jurisdiction did not include authority to impose discovery sanctions); *see also* Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3068 (3rd Ed. 2025).

Plaintiff's contention that Judge Mitchell acted in complete absence of jurisdiction by requiring Mr. Miller to appear for a discovery conference on a date and time that was not "mutually acceptable" ignores that Plaintiff failed to respond to the Court's email trying to identify a mutually acceptable date and time for the conference. (20-CV-946; ECF No. 257). Regardless, Judge Mitchell did not act in the complete absence of jurisdiction because these matters were non-dispositive and conducted at the request and direction of Chief Judge DeGiusti. (ECF No. 226 and 309). Neither was it a violation of Plaintiff's constitutional rights for Judge Mitchell's staff to contact Plaintiff and verify that he was aware of the date, time and location for the discovery conference. This Court's staff or Clerk's staff will frequently call lawyers and pro se litigants to verify that they are aware of a setting. This is particularly important when counsel or the litigant hasn't responded to prior court communications. Nonetheless, none of Judge Mitchell's actions of setting and holding a discovery conference or setting dates on which depositions would be conducted in the courthouse were taken in absence of jurisdiction.

Plaintiff asserts that his right to the speedy administration of justice was violated by having to meet with Judge Mitchell before filing additional discovery motions.[3] However, that was ordered, properly, by Chief Judge DeGuisti, due to Plaintiff's abusive litigation conduct and as an alternative to the sanction of dismissing his lawsuit with prejudice. (ECF No. 226). Having ordered Judge Mitchell to conduct these non-dispositive proceedings and oversight it can't be shown she acted without jurisdiction. Finally, Plaintiff's assertion that Judge Mitchell violated his constitutional rights by enforcing filing restrictions is incorrect. Chief Judge DeGiusti imposed the filing restrictions. (ECF No. 226). Nevertheless, magistrate judge's have the authority to impose non-dispositive sanctions for discovery abuse violations. *See Bergeson v. Dilworth*, 749 F.Supp. at 1561.

Plaintiff's conclusory allegations fail to support any factual basis to plausibly find that Judge Mitchell acted in complete absence of jurisdiction at any time in the *Legacy Bank* case.

### c. The Nature of the Acts Performed by Judge Mitchell and about which Plaintiff complains were Judicial

The only other exception to absolute judicial immunity is where the acts taken were not judicial. In making this determination Courts consider if the acts complained of are "normally performed by a judge," and whether the parties "dealt with the judge in his judicial capacity." *See Fletcher v. Tymkovich*, 786 Fed. App'x 826, 827 (10th Cir. 2019). None of the acts about which Plaintiff complains were unrelated to Judge Mitchell's functioning as a judge.

---

[3] During the discovery conference Plaintiff claims Judge Mitchell referred to Legacy Bank as "her client" "evidencing alignment with Defendant." (ECF No. 14 at 14). There is no such evidence of any such relationship and at best this was a verbal slip up that certainly does not evidence any lack of jurisdiction to conduct the proceedings.

As noted, the non-dispositive matters which Judge Mitchell was involved in were limited to a discovery conference with the parties and being availability to address any issues arising during specific depositions.[4] These are all matters normally performed by a judge. In addition the interaction of the parties with Judge Mitchell was through her chambers and in her capacity as a judicial officer, presiding over the matters at the request of Chief Judge DeGiusti. Thus, all the "acts" taken by Judge Mitchell about which Plaintiff complains where taken in her judicial capacity, for which she is absolutely immune. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (where judge was acting as county circuit court judge when he executed petition he was absolutely immune for those actions).

**CONCLUSION**

Plaintiff's Complaint fails to allege any facts to state a plausible claim for relief. None of the alleged acts by Magistrate Judge Mitchell were taken in the complete absence of all jurisdiction or in a non-judicial capacity. Therefore, she enjoys absolutely immunity from Plaintiff's claims. Moreover, based upon the allegations and the claims asserted, allowing Plaintiff leave to amend his complaint would be futile. Thus, for the reasons stated herein:

---

[4] To support his claim that Judge Mitchell acted in complete absence of authority Plaintiff cites two cases observing that depositions normally do not occur before a judicial officer. (ECF No. ECF No. 1 at ¶¶s 222-230); citing *Ewald v. Wal-Mart Stores, Inc.*, 139 F.3d 619, 622 n4 (8th Cir. 1998)(admonishing counsel for their bad behavior during depositions and observing that "merely because depositions do not take place in the presence of a judge does not mean lawyers can forget their responsibilities as officers of the court."); and *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 902-03 (7th Cir. 1981)(discussing the local practice of objecting based upon relevancy and instructing a witness not to answer creating impractical side effects because "[d]epositions cannot be taken in the judge's reception room so that the judge always will be readily available to either counsel.") *Id*. at 902-03. These cases don't support Plaintiff's assertion that a judge acts in absence of jurisdiction when they preside over or supervise a deposition or discovery conference. Sadly, in some cases judicial officers are involved because the parties are unable to conduct themselves properly. *See Stryker Corporation v. XL Insurance America*, 2020 WL 13441655; 17-CV-66 (W.D. Mich. July 29, 2020)(district court directed magistrate judge to preside over expert's deposition); *See also R.E. Linder Steel Erection Co., Inc. v. U.S. Fire Ins. Co.*, 102 F.R.D. 39, 40-41 (D.MD. 1983). (acknowledging court's authority to have magistrate or district judge preside over depositions but due to other duties and other solutions being put in place declining party's request).

**IT IS ORDERED** Plaintiff's Motion for Reconsideration and Motion to Vacate Order Granting Defendant's Motion to Stay **(ECF No. 13)** is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Lodge Objection to Ex Parte Communication **(ECF No. 15)** is **DENIED**, to the extent it suggests any improper ex parte communications even occurred;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **(ECF No. 10)** is **DENIED** as moot;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Take Judicial Notice **(ECF No. 4)** is **DENIED** to the extent it requests this Court take judicial notice beyond that authorized under Rule 201 of the Federal Rules of Evidence; finally,

**IT IS FURTHER ORDERED** that Defendant Suzanne Mitchell's Motion to Dismiss **(ECF No. 8)** is hereby **GRANTED** and Plaintiff's Complaint is hereby dismissed with prejudice. A separate judgment will be entered accordingly.

Dated this 24th day of November, 2025.

_____
Scott W. Skavdahl
United States District Judge