IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUIS MILLER,<br><br>        Plaintiff,<br><br>VS.<br><br>SUZANNE MITCHELL,<br>Magistrate Judge, in her individual Capacity, | Case No. 25-CV-535-SWS |

### ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND MOTION FOR RELIEF FROM JUDGMENT

    Plaintiff Marquise Miller, *pro se,* filed a civil action against Federal Magistrate Judge Suzanne Mitchell, alleging claims arising out of Judge Mitchell's handling, at the direction of Chief District Judge DeGiusti, various non-dispositive matters during the pendency of Mr. Miller's civil action against Legacy Bank.[1] (ECF No. 1.) Based upon absolute judicial immunity, this Court granted Defendant's Motion to Dismiss all claims (ECF No. 20) and on November 24, 2025, entered judgment in Defendant's favor. (ECF No. 21). Mr. Miller, once again unwilling to accept a Court's adverse rulings, has filed a "Combined Rule 59(e) Motion to Alter or Amend Judgment and Rule 60(b)(1) & 60(b)(4) Motion for Relief from Judgment (*With Structural-Bias Evidence of Non-Random Assignment and JHealth Influence)"* (ECF No. 22). His motions will be denied.[2]

---

[1] *Miller v. Legacy Bank*, Case No. CIV-20-946-D (W.D. Okla.) and affirmed by the Tenth Circuit on appeal at 2024 WL 5154002 (December 18, 2024) (hereinafter "*Legacy Bank* litigation").

[2] Mr. Miller has also filed a "Motion to Record and Correct Clerk's ("ALW") Unauthorized Alteration of Docket Entry and

## Standard of Review

1. **Rule 59(e) Motion**

A motion to alter or amend a judgment under Federal Rules of Civil Procedure 59(e) is only granted to correct manifest errors of law or to present newly discovered evidence. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citing *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir.1992). Relief may be appropriate where "the court has misapprehended facts, a party's position, or the controlling law." *Servance of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

2. **Rule 60(b)(1) and 60(b)(4) Motion**

Federal Rules of Civil Procedure 60(b) allows a court to relieve a party from a judgment due to a "mistake, inadvertence, surprise, or excusable neglect" under (b)(1) or under (b)(4) where "the judgment is void." As with Rule 59(e), a Rule 60(b) motion is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 577 (10th Cir.1996).

## Analysis

Plaintiff's motion asserts that this Court's order dismissing his case against Judge Mitchell "contains clear errors on its face" and there are various failings and internal inconsistencies which are "clear reversible error." (ECF No. 22 at 2). Plaintiff also contends this

---

to Note Pattern of Ministerial Misconduct" (ECF No. 23). The Court will summarily deny this motion. The Clerk of Court has properly filed, without alteration, the motions and papers submitted by Mr. Miller. The fact that the docket entry does not quote Mr. Miller's "captions" verbatim is neither misconduct nor unauthorized alteration.

Court failed to analyze or improperly analyzed jurisdictional issues and other arguments raised in his Complaint and response to Defendant's Motion to Dismiss. Plaintiff also suggests "structural irregularities" (ECF No. 22 at 10-15) that this Court has addressed in its order denying Mr. Miller's request for disqualification. (ECF No. 26.) The alleged failings of this Court's analysis are many, but none involve matters properly raised or supported under either Rules 59(e) or 60(b).

First, under Rule 59(e) Plaintiff contends "The Court Misapprehended the Complaint (Rule 59(e))". (ECF No. 22 at 8.) Plaintiff then goes on to identify various statements in his Complaint (ECF No. 1) and this Court's order dismissing his case (ECF No. 20) contending that contradictions made in this Court's order constitute "clear error." *Id.* This Court does not believe it misapprehended the facts, Plaintiff's position, or the controlling law. Thus, Plaintiff is not entitled to relief under Rule 59(e). *See Servants of Paraclete v. Doe*, 204 F.3d 1012.

Relief under Rule 60(b)(1) is dependent upon the party or their legal representative's "mistake, inadvertence, surprise, or excusable neglect." *See Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005)(court failed to properly consider Rule 60(b)(1) relief which is based upon a party or their attorney's mistake). To the extent this Court made a mistake or erred then that is a matter for appeal and review by the Court of Appeals and not a proper basis for Rule 60(b)(1) relief.

Rule 60(b)(4) allows a judgment to be set aside where it is void. A judgment is void "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *In re Four Seasons Sec. Laws Litig.,* 502 F.2d 834, 842 (10th Cir.1974). This Court clearly had subject matter and personal

jurisdiction. Without citing any authority Plaintiff asserts "[b]ecause the Court dismissed without resolving the jurisdictional issues in Doc. 1 [the Complaint], the judgment is void." (ECF No. 22 at 15.) A judgment is not void simply because the Court makes a mistake or its ruling is erroneous. *See U.S. v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002). Plaintiff has not raised any issue concerning due process and even if he did there was not a lack of notice or opportunity to be heard by a party so entitled. *Id*.

## Conclusion

The alleged errors and deficiencies by this Court, according to Plaintiff, are many. His remedy for these alleged deficiencies is to pursue an appeal. Plaintiff repeatedly asserts that this Court failed to "determine jurisdiction first and apply immunity only after that determination is made." (ECF No. 22 at 2). It appears Plaintiff and this Court disagree over what "jurisdiction" means or requires for absolute judicial immunity to apply. As Judge Watanabe summarized better than I:

> A judge is absolutely immune from suit for acts taken within his judicial capacity. *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir.2000). To overcome absolute judicial immunity, a plaintiff must demonstrate that a judge's actions were either outside the judge's judicial capacity or were taken in the complete absence of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991) (per curiam). A judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell,* 920 F.2d 673, 686 (10th Cir.1990). Here, even construing the plaintiff's allegations liberally, all of the plaintiff claims against defendant Kimmel concern Judge Kimmel's actions taken exclusively in his judicial capacity during the plaintiff's trial and sentencing. Plaintiff seems to contend that the Judge conspired with the other defendants to deny plaintiff a fair and unbiased trial, but judicial immunity is not overcome by allegations of bad faith or malice by the judge. *Mireles,* 502 U.S. at 11. *See Dennis v. Sparks,* 449 U.S. 24, 27 (1980) (judicial immunity not overcome even where a claimant alleges a judge conspired with others). None of the plaintiff's allegations overcome Judge Kimmel's absolute judicial immunity because they do not demonstrate that he acted outside of his official capacity or in the complete absence of jurisdiction. Plaintiff merely seems to disagree with the

>Judge's handling of the plaintiff's case as well as with the verdict and sentencing imposed, but the claims raised by the plaintiff here do not overcome the absolute judicial immunity. Therefore, plaintiff's claims against defendant Kimmel should be dismissed with prejudice.

*Lazarov. Kimmel*, 2011 WL 588093 (D.Colo. Jan. 21, 2011). Most recently the Tenth Circuit reiterated "'a judge may act in excess of his subject matter jurisdiction and still retain absolute judicial immunity; only in the unusual circumstances of complete and clear absence of all jurisdiction is absolute immunity inappropriate.'" *Skellchock v. Dean*, 2025 WL 1859820 (10th Cir. July 7, 2025) (citing *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). Even construing Plaintiff's factual allegations liberally, all claims against Judge Mitchell concern actions taken in her judicial capacity for which she is absolutely immune from Plaintiff's claims.

**IT IS THEREFORE ORDERED** Plaintiff's Combined Rule 59(e) Motion to Alter or Amend Judgment and Rule 60(b)(1) & 60(b)(4) Motion for Relief from Judgment (ECF No. 22) is hereby **DENIED.**

**IT IS FURTHER ORDERED** Plaintiff's Motion to Record and Correct Clerk's Docket Entry (ECF No. 23) is **DENIED**.

Dated this <u>4th</u> day of February 2026.

_____
Scott W. Skavdahl
United States District Judge